UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Richie Pinkley,

        Petitioner,

v.

Marty Anderson, Warden,
FMC Rochester,

        Respondent.
_____

Civil No.: 06-2461 (PAM/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

    The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Petitioner Richie Pinkley's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc No. 1). The case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

    Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota (FMC-Rochester). Petitioner is serving a 156-month sentence, with five years supervised release, imposed by the United States District Court for the Western District of Tennessee. Petitioner was sentenced by the Honorable James D. Todd on August 8, 2000, for Conspiracy to Possess With Intent to Distribute Methamphetamine, Conspiracy to Possess with Intent to Distribute Marijuana, Attempt to Possess With Intent to Distribute Methamphetamine, Possession With Intent to Distribute and the Distribution of Methamphetamine, Attempt to Possess With Intent to Distribute Marijuana, Attempt to Manufacture Methamphetamine, and Manufacture of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner has a projected release date of May 11, 2011, via good conduct time release.

Petitioner is a forty-nine year old male who suffers from severe pulmonary hypertension. Petitioner's doctor has opined Petitioner's condition is advanced, progressive and will be fatal over a relatively short period of time, and states Petitioner is in need of a heart-lung transplant. Twice in 2005, a Compassionate Release Committee convened at FMC-Rochester and reviewed all of the relevant medical and social information concerning Petitioner. On both occasions, the Committee voted against pursuing an early release for Petitioner due to his involvement in a large scale drug conspiracy, uncertain life expectancy, ability to offend again, and the strong opposition of the prosecuting Assistant United States Attorney. Petitioner was advised of the decision to deny his request for compassionate release on September 16, 2005, and has now pursued and exhausted the available administrative remedies.

Petitioner filed the instant Petition for Writ of Habeas Corpus seeking an order from this Court directing Defendant to use his best efforts to cause the Director of the BOP to promptly file a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (often referred to as "Motion for Compassionate Release"). Respondent argue this Court lacks jurisdiction to hear this Petition, and requests the Petition be dismissed.

Under 18 U.S.C. 3582(c)(1)(A), a sentencing court, on motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment of an inmate sentenced under the Comprehensive Crime Control Act of 1984. 28 C.F.R. §§ 571.60, 571.62. The Bureau uses 18 U.S.C. 3582(c)(1)(A) in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. *Id.* Under the plain language of 18 U.S.C. § 3582(c)(1)(A), only the sentencing court may make an inmate immediately eligible for parole on a compassionate release motion. Because Petitioner was sentenced by the Western District of Tennessee, this Court lack jurisdiction to hear

this Petition. *See Lewis v. Warden, FMC-Rochester*, No. 06-329 (ADM/RLE), 2006 WL 1134760, at *1 (D.Minn. April 27, 2006)(District of Minnesota does not have jurisdiction to hear habeas petition brought on basis of compassionate release because sentencing court was Northern District of Texas). However, because this Court does not wish to prejudice Petitioner by the delay that would be caused by a dismissal of his case, the Court recommends that the case be transferred to the Western District of Tennessee pursuant to 28 U.S.C. § 1406(a), which provides district courts with the power to transfer cases in the interests of justice.

**IT IS SO RECOMMENDED.**

Dated: August 4, 2006.                              s/Jeanne J. Graham

                                                           JEANNE J. GRAHAM
                                                           United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 23, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.