UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richie Pinkley,  Civil No. 06-2461 (PAM/JJG)

                Petitioner,

v.  **MEMORANDUM AND ORDER**

Marty Anderson, Warden,

                Respondent.

This matter is before the Court on Petitioner's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Jeanne J. Graham, dated August 4, 2006. The R&R recommended transferring the case to the Western District of Tennessee because this Court lacks jurisdiction to grant the relief Petitioner seeks. For the reasons that follow, the Court overrules the Objections and adopts the R&R.

**BACKGROUND**

Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota, serving a 156-month sentence imposed by the Honorable James D. Todd of the United States District Court for the Western District of Tennessee. Petitioner suffers from severe pulmonary hypertension. His doctor classifies his condition as advanced and has recommended a heart-lung transplant. The Petition alleges that Petitioner is being held in violation of the law because the Bureau of Prisons (BOP) will not provide him with the transplant. Petitioner's Memorandum in Support of the Petition explains that he is seeking a reduction in sentence based on 18 U.S.C. § 3553(a)(2)(D), which mandates a sentencing

court to consider the defendant's needed medical care. The memorandum also invokes 18 U.S.C. § 3582(c)(1)(A), which permits a sentencing court to modify a term of imprisonment upon motion of the Director of the BOP, also known as a motion for compassionate release. The R&R recommended transferring this case to the Western District of Tennessee because Petitioner is essentially seeking a modification of his sentence.

Petitioner objects to the R&R on several grounds. First, Petitioner argues that the Court has jurisdiction to grant the relief he seeks. Although he acknowledges that a motion for compassionate release must be filed with the sentencing court, Petitioner states that the only relief he is seeking from this Court is an order compelling Respondent to use his best efforts to persuade the Director of the BOP to file such a motion. Second, Petitioner objects to the R&R's reference to a September 2005 document, in which the prison's Compassionate Release Committee denied Petitioner's request for an early release motion, based in part on his ability to re-offend. Petitioner notes that new information shows he is not likely to re-offend. Finally, Petitioner objects to the recommendation to transfer this case because he urgently needs a transplant, and a transfer will cause unnecessary delay and prejudice.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on the record, the Court overrules the Objections and adopts the R&R.

Beginning with Petitioner's first objection, this Court does not have the authority to compel a prison warden to convince the Director of the BOP to file a motion for

2

compassionate release. The decision to make a § 3582(c)(1)(A) motion is a matter of the BOP's discretion. See Williams v. Van Buren, 117 Fed. Appx. 985, 987 (5th Cir. 2004). The BOP opted not to file such a motion on Petitioner's behalf, based on the aggressive treatment Petitioner was receiving, the refusal by two transplant centers to place Petitioner on their waiting lists, the nature of the offense of conviction, the ability to re-offend, and the opposition of the prosecuting attorney. Furthermore, this Court may grant habeas relief under § 2241 only where a petitioner shows that his confinement violates "the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241. There is no evidence that the BOP violated any federal law or abused its discretion, nor does Petitioner even allege such.

Turning to Petitioner's second objection, the Magistrate Judge did not err by referring to the September 2005 document in the R&R. This part of the R&R merely described the factual background of the case. In addition, Petitioner has alleged no constitutional violation or abuse of discretion by the BOP in considering his ability to re-offend.

Finally, as far as the Petition can be construed as seeking a modification in Petitioner's sentence under § 2255 or § 3582(c)(1)(B), this is an issue for the sentencing court. Rather than requiring Petitioner to file a new petition and risk harm by delay, the R&R recommended transferring this case to the Western District of Tennessee. Accord Lewis v. Warden, FMC-Rochester, No. 06-329, 2006 WL 1134760, at *1 (D. Minn. Apr. 27, 2006) (Montgomery, J.). This Court agrees that a transfer can only benefit Petitioner because the alternative would be to dismiss the Petition its entirety.

**CONCLUSION**

Petitioner has not shown that his confinement violates federal law or that the BOP abused its discretion in deciding not to seek a compassionate release. To the extent Petitioner seeks a modification of his sentence, this Court lacks jurisdiction. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Grant the Relief Requested in the Petition (Docket No. 10) is **DENIED**;

2. The R&R (Docket No. 11) is **ADOPTED**;

3. Petitioner's Objections to the R&R (Docket No. 12) are **OVERRULED**; and

4. The Clerk of Court is directed to **TRANSFER** this case to the Western District of Tennessee.

Dated: September 16, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge